DAVID CARVER *v.* ALBERT SYKES.

Appointed Special Term at Brattleboro, February, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed March 5, 1909.

### Trover—Conversion—Evidence.

In trover for sheep, evidence that defendant's brother stated to plaintiff's servants, who were sent for the sheep, that they were in defendant's pasture, was too unimportant to have been harmful to defendant, it having been received without objection, and no attempt made to misuse it.

TROVER for sheep. Plea, the general issue. Trial by jury at the June Term, 1908, Windsor County, *Taylor,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Charles Batchelder* and *S. E. Evarts* for the defendant.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for the plaintiff.

POWERS, J. The plaintiff sent his son, Harry Carver, and his hired man, Phillip Waite, to the place of Deforest Sykes, a brother of the defendant, after some sheep which he claimed to own and which are the basis of this action of trover. Harry and Phillip were witnesses in the plaintiff's behalf, and were allowed to testify that Deforest told them that the sheep were in the defendant's pasture. The only exceptions here relied upon relate to the admission of this testimony.

The defendant admitted that the sheep were then in the pasture on the farm where he lived, but he claimed, and his evidence tended to show, that the farm was owned and managed by his father-in-law, Crandall, and that the sheep were still in the possession and control of Deforest, who brought them there. The only evidence of a conversion by the defendant was that tending to show a demand upon him for the property and his refusal to deliver the same. The defendant insisted that this was no evidence of a conversion by him, as he was not in a position to comply with the demand, since he did not have the custody or control of the property. It was only on this last question that the evidence excepted to could in any view have been considered harmful. The defendant argues that the jury would naturally treat the statement of Deforest as to the whereabouts of the sheep as evidence that they were in the possession and control of the defendant, since he spoke of the pasture as the defendant's. We cannot agree with this view. It seems clear to us that the evidence was quite too colorless to have been harmful. When it first came into the case, it was not objected to; the plaintiff based no claim upon it and made no attempt to misuse it; as the trial went it was altogether too unimportant to require a reversal.

*Judgment affirmed.*